# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-436-RAW |
| ) | (CR-09-037-RAW) |
| RODOLFO SANABRIA SANCHEZ, ) | |
| ) | |
| Petitioner/Defendant. ) | |

## ORDER

Before the court is the motion of the petitioner pursuant to 28 U.S.C. §2255. Defendant was convicted by a jury of possession with intent to distribute 500 grams or more of methamphetamine. On appeal, the conviction was affirmed. *See United States v. Sanchez,* 431 Fed. Appx. 664 (10th Cir.), *cert. denied,* 132 S.Ct. 539 (2011).

To establish ineffective assistance of counsel, a movant must show (1) deficient performance that (2) resulted in prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Rubio-Ayala,* 596 Fed.Appx. 594, 596 (10th Cir.2014)(quoting *Strickland v. Washington,* 466 U.S. 668 (1984)). A court may address the performance and prejudice prongs in any order, but need not address both if movant fails to make a sufficient showing of one. *United States v. Hall,* 620 Fed.Appx. 681 (10th Cir.2015)(quoting *Cooks v. Ward,* 165 F.3d 1283, 1292-93 (10th Cir.1998)).

Deficient performance means that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688. When evaluating defense counsel's

performance, the court must "indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone,* 535 U.S. 685, 702 (2002)(citing *Strickland,* 466 U.S. at 689).

Although not specifically raised as a ground for relief, in the affidavit accompanying his motion, defendant refers to his limited comprehension of English (#1 at page 22 of 32 in CM/ECF pagination, ¶2). He states that because of this limitation he was not given "the opportunity to understand what the government and attorney were doing to him. . . " (¶37) and that upon the multiple visits of his trial attorney, the attorney was only accompanied by an interpreter once. (¶¶38-39).

The court agrees with the government that "[t]he record clearly belies this claim." (#8 at page 14 of 29). The affidavits of Mr. Baker (defendant's trial attorney) and Mr. Kirkpatrick (defendant's sentencing attorney) aver that both attorneys met with defendant many times without an interpreter and that this presented no difficulty for defendant. (*See* #8-1, page 2 of 4, ¶8; #8-3, page 2 of 3, ¶¶11-12). Trial counsel states that an interpreter was not necessary for the official court proceedings, but rather was used out of an abundance of caution. (#8-1, page 2 of 4, ¶8).[1] Additionally, as the government notes, movant's claim is belied by the quotations made by the Tenth Circuit from the audio recording between

---

[1] The court adds, also to ensure no violation of 28 U.S.C. §1827(d)(1)(A).

defendant and Mr. Bollen, which reflect movant's familiarity with English. (*See Sanchez,* 431 Fed.Appx. at 666-67). This court rejects movant's claim of language deficiency.

Movant's first ground for relief is that trial counsel was ineffective for failing to object to the government's constructive amendment of the indictment. "A constructive amendment results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." *United States v. Rosalez,* 711 F.3d 1194, 1210 (10th Cir.2013). The court admitted evidence of prior deliveries of methamphetamine and of defendant's involvement in a drug conspiracy with Soto and Bollen pursuant to Rule 404(b) F.R.Evid. and as being "inextricably intertwined" with the charged conduct.

Rule 404(b) allows evidence of extrinsic bad acts to prove intent or knowledge, and evidence of uncharged offenses that are intrinsic to the charged conduct is admissible. Such evidence, properly offered to prove guilt of the charged offense, does not constructively amend the indictment. *See United States v. Prophete,* 522 Fed.Appx. 583, 587 (11th Cir.2013). Because the court finds the substantive ruling was correct, there was no deficient attorney performance or prejudice under *Strickland*.[2]

---

[2] Movant did not raise the issue of constructive amendment on direct appeal. "A §2255 petition is not an opportunity to bring legal arguments that should have been brought by direct appeal." *United States v. Torres-Laranega,* 473 Fed.Appx. 839, 842 (10th Cir.2012). Inasmuch as movant has raised the issue within a claim of ineffective assistance of counsel, however, the court has necessarily addressed the merits. Also, trial counsel's explanation of his decision not to object or to request a limiting instruction (#8-1, page 2 of 4, ¶9) reflects reasonable trial strategy.

Movant's next ground is that both trial counsel (failure to object) and appellate counsel (failure to raise) were ineffective regarding the government's use of peremptory jury challenges.[3] The Supreme Court held in *Batson v. Kentucky*, 476 U.S. 79 (1986) that a prosecutor was forbidden from challenging potential jurors solely on account of their race or on the assumption that members of that race as a group will be unable to impartially consider the prosecution's evidence. As the government notes, the issue has been raised for the first time in the present motion. Accordingly, the transcript of the voir dire examination does not indicate the racial composition of the jury pool. Where the record is silent as to the race or ethnicity of any prospective juror, the court cannot ascertain whether a violation occurred. *See United States v. Collins,* 195 Fed.Appx. 419, 422 (6th Cir.2006).[4] This ground for relief will be denied.

Next, movant contends that his appellate counsel <u>intentionally</u> rendered ineffective assistance because of a conflict of interest, particularly a dispute over fees. It appears that appellate counsel failed to appear for oral argument and did not file an optional reply brief. His perspective is set forth in his response (#8-16) to a show cause order of the Tenth Circuit. The Tenth Circuit's opinion affirming movant's condition does not indicate that the appellate

---

[3] To prove that appellate counsel was ineffective under *Strickland*, movant must show (1) constitutionally deficient performance, by demonstrating that his appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the appeal would have been different. *United States v. Turrentine,* 2016 WL 66740, *1 (10th Cir.2016).

[4] Trial counsel denies that movant raised any such concern during the trial and states "[i]n my opinion, Mr. Sanchez had a fair jury." (#8-1, page 2 of 4, ¶10).

4

panel was hindered in its decision by any conduct of appellate counsel, and the Tenth Circuit did not order that new or substitute counsel be arranged. The record does not reflect that appellate counsel was sanctioned by the Tenth Circuit for his conduct.

Additionally, movant contends his appellate counsel was ineffective for failing to raise the issue of movant's motion to suppress on appeal. Trial counsel asserts that he filed no objection to the Report and Recommendation of the Magistrate Judge after consulting with movant, who agreed with the decision. (#8-1, ¶¶11-14). As to appellate counsel, when an allegation is made of ineffective assistance by failing to raise an issue on direct appeal, the court first examines the merits of the omitted issue. If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. If the issue has merit, the court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. *See Johnson v. Patton,* 2015 WL 8757794, *7 (10th Cir.2015)(quoting *Hawkins v. Hannigan,* 185 F.3d 1146, 1152 (10th Cir.1999)).

The court is persuaded that the denial of the motion to suppress was correct, and that an appeal on the issue would not have been successful.[5] Accordingly, ineffective assistance was not rendered.

In his final claim in the original petition, movant asserts that he was deprived of effective assistance of both trial counsel and appellate counsel through cumulative errors.

---

[5] In the thorough Report and Recommendation (#32 in 09-CR-37-RAW), the Magistrate Judge found in great detail why the anticipatory search warrant was valid. Movant simply reiterates the arguments made in his motion to suppress, which were rejected.

5

The court has already addressed the conduct of appellate counsel. Again, the court has reviewed the affidavits of trial counsel (#8-1) and sentencing counsel (#8-3) and concludes that ineffective assistance of counsel (either intentional or otherwise) was not rendered in this case.

The court has found that movant's claims for ineffective assistance of counsel are foreclosed by the record. Therefore, an evidentiary hearing is not warranted. *See United States v. Patterson,* 525 Fed.Appx. 681 n.1 (10th Cir.2013).[6]

It is the order of the court that the petition pursuant to 28 U.S.C. §2255 is hereby DENIED.

**ORDERED THIS 15th DAY OF MARCH, 2016.**

*[signature]*

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[6] The court permitted movant to file a supplemental §2255 claim (#24) based upon *Alleyne v. United States,* 133 S.Ct. 2151 (2013). The claim is denied because *Alleyne* "has not been made retroactive to cases on collateral review by the Supreme Court." *In re Payne,* 733 F.3d 1027, 1029 (10th Cir.2013). Even if *Alleyne* applied retroactively, movant's argument would still fail. The jury returned a special interrogatory finding movant guilty beyond a reasonable doubt of possessing the threshold quantity of methamphetamine necessary to trigger the statutory mandatory minimum.